**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Rachel Tolliver,**
**Claimant Below, Petitioner**

**vs.)**    **No. 22-589**    (BOR Appeal No. 2057791)
(JCN: 2020020667)

**Dolgencorp, Inc., dba Dollar General Corporation,**
**Employer Below, Respondent**


# MEMORANDUM DECISION


Petitioner Rachel Tolliver appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Dolgencorp, Inc., dba Dollar General Corporation, filed a timely response.[1] The issue on appeal is the claims administrator's denial of a diagnosis update and denial of a request for bilateral L3-4, L4-5, and L5-S1 facet joint injections, which was affirmed by the Workers' Compensation Office of Judges ("Office of Judges") and then by the Board of Review on June 22, 2022. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the Board of Review's decision is appropriate. *See* W. Va. R. App. P. 21.

Ms. Tolliver, a store manager, injured her lower thoracic spine in March 2020 while lifting cartons of windshield wiper fluid in the course of her employment. Her claim was held compensable for thoracic strain. She sought treatment from Brian West, M.D., who ordered a lumbar MRI due to lumbago with sciatica. The MRI report showed disc protrusions, neural foraminal narrowing, facet hypertrophy, stenosis, degenerative disc disease with disc desiccation, and loss of disc space height. The report stated that the disc protrusions were chronic rather than acute given the associated degenerative disc disease, loss of disc space height, and facet hypertrophy, which all indicate a chronic degenerative process. Beginning in February 2021, Ms. Tolliver was treated for the compensable injury by Rajesh Patel, M.D., who diagnosed left sacroiliac joint sprain, thoracic sprain, lumbar sprain, L4-5 lumbar disc protrusion, L5-S1 annular tear, L5-S1 lumbar disc bulging, thoracic facet sprain, and thoracic pain. He opined that Ms. Tolliver would benefit from sacroiliac medial nerve branch blocks and injections.

At the employer's request, Marsha Bailey, M.D., performed an independent medical evaluation of Ms. Tolliver and wrote a report in which she noted that the compensable condition in the claim was thoracic strain. She found that the MRI showed no acute findings but did reveal

---

[1]Petitioner, Rachel Tolliver, is represented by Reginald D. Henry, and respondent, Dolgencorp, Inc., dba Dollar General Corporation, is represented by Patricia McEnteer.

degenerative changes and disc bulging in the lumbar spine. Dr. Bailey noted that Ms. Tolliver underwent physical therapy for the compensable injury, but her symptoms continued and now also involved her cervical and lumbar spines. Dr. Bailey opined that Ms. Tolliver had reached maximum medical improvement for her compensable thoracic strain and that she required no further treatment for the condition. She noted that Ms. Tolliver's objective medical findings do not support her subjective complaints.

The claims administrator denied Dr. Patel's subsequent request for a diagnosis update and authorization for L3-4, L4-5, and L5-S1 bilateral facet joint injections. Ms. Tolliver then returned to Dr. Patel, whose diagnoses remained the same. He again recommended injections, as well as physical therapy and a back brace. Dr. Patel then completed a second diagnosis update requesting the addition of left sacroiliac pain, thoracic sprain, and lumbar sprain to the claim. In an addendum to her report, Dr. Bailey reiterated that she had reviewed the lumbar MRI and that her opinion remained that it showed no acute injury.

The Office of Judges affirmed the claims administrator's denial of a diagnosis update and authorization for bilateral facet joint injections. It concluded that the medical evidence does not support the addition of additional conditions to the claim, nor did it support the necessity of bilateral facet joint injections for the compensable condition of thoracic strain. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the decision.

This Court may not reweigh the evidentiary record, but must give deference to the findings, reasoning, and conclusions of the Board of Review, and when the Board's decision affirms prior rulings by both the Workers' Compensation Commission and the Office of Judges, we may reverse or modify that decision only if it is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is based upon a material misstatement or mischaracterization of the evidentiary record. *See* W. Va. Code § 23-5-15(c) & (d). We apply a de novo standard of review to questions of law. *See Justice v. W. Va. Off. Ins. Comm'n*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012).

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The standard for the addition of additional conditions to a claim is the same as for compensability. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *See Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). Dr. Patel appears to have first requested a general "diagnosis update," which the claims administrator denied. He then specifically requested the addition of lumbar disc protrusion, left sacroiliac pain, thoracic sprain, and lumbar sprain to the claim.[2] First, left sacroiliac pain is a symptom, not a

---

[2]The Diagnosis Update form completed by Dr. Patel on October 18, 2021, is not part of the appendix record submitted for this appeal.

medical diagnosis.[3] Second, the claim has been held compensable for thoracic strain. Therefore, the only new conditions included in the diagnosis update request are lumbar sprain and lumbar disc herniation, which, as Dr. Bailey opined, the medical evidence indicates is not the result of the compensable injury. Dr. Bailey reviewed the medical record and imaging and determined that there was no indication of an acute lumbar spine injury and that the lumbar disc herniation seen on the MRI was chronic. She also noted that the claimant underwent physical therapy for her thoracic sprain, and then her symptoms expanded to include the lumbar and cervical spines.

Regarding the requested bilateral facet joint injections, West Virginia Code § 23-4-3(a)(1) provides that the claims administrator must provide medically related and reasonably required treatment for compensable conditions. The requested injections are aimed at treating Ms. Tolliver's preexisting, noncompensable conditions and are neither reasonable nor necessary medical treatment for the compensable condition of thoracic strain. The Board of Review's decision is therefore affirmed.

Affirmed.

**ISSUED: February 20, 2024**


**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

[3]This Court has repeatedly held that symptoms are not diagnoses and cannot be held compensable. *See Harpold v. City of Charleston*, No. 18-0730, 2019 WL 1850196 at *3 (W. Va. Apr. 25, 2019) (memorandum decision) (holding that left knee pain is a symptom, not a diagnosis, and therefore cannot be added to a claim), *Radford v. Panther Creek Mining, LLC*, No. 18-0806, 2019 WL 4415245 at *3 (W. Va. Sep. 13, 2019) (memorandum decision) (holding that neck and shoulder pain cannot be added to a claim as they are symptoms, not diagnoses).